

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WAYNE SCOGGINS, as the** | ) | |
| **Administrator of the Estate of** | ) | |
| **PAMELA SCOGGINS, Deceased** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **2:08-CV-1939-JEO** |
| | ) | |
| **LIFE INSURANCE COMPANY OF** | ) | |
| **NORTH AMERICA; CIGNA** | ) | |
| **GROUP INSURANCE;** | ) | |
| **COMPASS BANK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This is a case involving claims under the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1001 et seq., brought by Wayne Scoggins (the "plaintiff") in his capacity

as administrator of the estate of his wife, Pamela Scoggins.  The cause is before the court on two

motions to dismiss, both filed by defendants Life Insurance Company of North America

("LINA") and Compass Bank (collectively the "defendants").  In the first motion, the defendants

seek the dismissal of the third defendant named in the complaint, CIGNA Group Insurance

("CIGNA").  (Doc. 8).[1]  In their other motion, the defendants request the court dismiss Counts II

through IV of the complaint, which assert claims for, respectively, breach of fiduciary duty under

ERISA, breach of contract under Alabama law, and the tort of bad faith, also under Alabama law.

(Doc. 9).  In that motion, the defendants also ask the court to dismiss all claims for extra-

contractual damages and to strike the plaintiff's demand for a jury trial, on the ground that they

---

[1] References to "Doc(s).___" are to the documents as numbered by the clerk of court in the court's record of the case.

are preempted or otherwise foreclosed by ERISA.  (*Id*.).  The plaintiff has filed a response in which he concedes that the defendants' motion to dismiss CIGNA Group Insurance (doc. 8) is due to be granted.  (Doc. 14 at ¶ 8).  The plaintiff has also conceded that the defendants' other motion to dismiss (doc. 9) is due to be granted insofar as it pertains to the claims in Counts III and IV (see doc. 14 at ¶ 6) and to the plaintiff's demand for a jury trial (*id.* at ¶ 7).  Thus, the only issue left to be resolved is whether that same motion to dismiss (doc. 9) is due to be granted as it relates to the ERISA breach-of-fiduciary-duty claim in Count II.  Based on the following, the court concludes that the defendants' motion is due to be granted as to Count II as well.

## I.      BACKGROUND

According to the complaint, the plaintiff's wife, Pamela Scoggins (the "plaintiff's wife" or the "decedent") procured a disability income insurance policy in from LINA that was sponsored and administered by her then-employer, Compass Bank.  (Comp. (doc. 1) at ¶¶ 7-8).  The plaintiff further alleges that his wife was thereafter diagnosed with sarcoidosis, hypersomnea with apnea, and fibromyalgia, which caused her to be unable to perform her regular work duties.  (*Id*. at ¶¶ 10-11).  She sought benefits under the disability policy, but her claim was denied on the ground that she allegedly did not meet the definition of "disabled" under the policy.  (*Id*. at ¶ 13).  She appealed that decision, but her claim was again denied.  (*Id*. at ¶ 14).

After his wife died, the plaintiff filed this action on behalf of her estate.  Alleging that the disability policy was governed by ERISA, the plaintiff asserts in Count I that the denial of his wife's disability claim was arbitrary and capricious and that he is entitled under ERISA § 502(a)(1)(B) to recover all benefits due under the policy.  (Compl. at ¶¶ 17-18).  In Count II, the plaintiff contends that the decision to deny his wife's claim for benefits also constituted a

breach of such fiduciary duty under ERISA.  (*Id*. at ¶ 23).  He states that the defendants owed a

fiduciary duty under ERISA § 404(a)(i) to administer the plan solely in the interest of the

participants, but "an inherent conflict of interest existed between these fiduciary duties and the

profit-making objective of Defendants."  (*Id*. at ¶¶ 21-22).  In both Count I and Count II the

plaintiff demands "all benefits enumerated under [the] disability policy and . . . all other remedies

and equitable relief under ERISA and federal common law."  (*Id*. at ¶¶ 19, 24).

## II.   REVIEW STANDARD

The defendants have moved to dismiss the claim in Count II pursuant to Rule 12(b)(6),

FED. R. CIV. P., for failure to state a claim upon which relief can be granted.  In connection with

such a motion, the allegations of the complaint are accepted as true and construed in the light

most favorable to the plaintiff.  *Jones v. American Gen. Life. and Acc. Ins.* Co., 370 F.3d 1065,

1069 (11th Cir. 2004); *Flint v. ABB, Inc.*, 337 F.3d 1326, 1328 (11th Cir. 2003).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir.2008) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted)).

"Furthermore, the plaintiff's factual allegations, when assumed to be true, 'must be enough to

raise a right to relief above the speculative level.'"  *Id*. (same).

## III.   ANALYSIS

The defendants acknowledge that Count I states a claim for plan benefits under ERISA

§ 502(a)(1)(B), which authorizes a participant or beneficiary to bring a civil action "to recover

benefits due to him under the terms of his plan, to enforce his rights the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[2] The defendants argue, however, that the plaintiff's claims for other types of relief based upon an alleged breach of fiduciary duty in Count II are not viable under controlling precedent because ERISA § 502(a)(1)(B)'s benefits remedy would be adequate to redress the wrong alleged, i.e., the failure to pay benefits due. (*See* Motion to Dismiss Counts II - IV of Plaintiff's Complaint, Claims for Extra-Contractual Damages, and to Strike Demand for Jury Trial Pursuant to ERISA (hereinafter "Dfts. Mot. to Dismiss") (doc. 9) at 5-9. The plaintiff responds by arguing that his claim for benefits under ERISA § 502(a)(1)(B) does not preclude a claim for breach of fiduciary duty under ERISA § 502(a)(2) provided that § 501(a)(1)(B) does not provide adequate relief. (See "Plaintiff's Response to Defendant's (sic) Motion to Dismiss Counts II-IV of Plaintiff's Complaint; Strike Plaintiff's Demand for Jury Trial; and Dismiss Defendant CIGNA Group Insurance" (hereinafter "Pl. Resp.") (doc. 14) at ¶ 4). He further says that "Count II seeks relief substantially different from that sought under Count I" and that "[a]lthough not sought at this

---

[2]This case involves three provisions of ERISA § 502(a). That subsection provides in relevant part as follows:

(a)        Persons empowered to bring a civil action

A civil action may be brought--

        (1) by a participant or beneficiary--

* * *
                (B) to recover benefits due to him under the terms of his plan, to enforce his rights under
                the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

        (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of
        this title;

        (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of
        this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such
        violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C.A. § 1132(a).

time, other equitable relief may be necessary to provide adequate relief to the estate under

§ 502(a)(3) (i.e. receivership)."  (*Id*. at ¶ 5).

A.      ERISA § 502(a)(2)

The court first addresses the plaintiff's contention that Count II states a claim under

ERISA § 502(a)(2).  That section authorizes that a civil action may be brought by the Secretary

of Labor, or by a participant, beneficiary, or fiduciary "for appropriate relief under [ERISA

§ 409, 29 U.S.C. § 1109]."  29 U.S.C. § 1132(a)(2).  The cross-referenced ERISA § 409

addresses liability for breach of fiduciary duty.[3]  However, the cause of action authorized under

ERISA § 502(a)(2) for breach of a fiduciary of duty outlined in § 409 only authorizes remedies

inuring to the benefit and integrity of the *plan,* not relief provided directly to individual

beneficiaries.  *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) ("[T]he

entire text of § 409 persuades us that Congress did not intend that section to authorize any relief

except to the plan itself"; individual beneficiary held unable to recover consequential damages

arising from delay in the processing of her claim under § 502(a)(2)); *Varity Corp. v. Howe*, 516

U.S. 489, 511-12 (1996) (noting that § 409's fiduciary obligations "relat[e] to the plan's financial

integrity" and "reflec[t] a special congressional concern about plan asset management"); *but see*

---

[3]ERISA § 409 provides as follows:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.  A fiduciary may also be removed for a violation of section 1111 of this title.

(b) No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.

29 U.S.C.A. § 1109.

*LaRue v. DeWolff, Boberg & Assoc., Inc.*, ___ U.S. ___, ___, 128 S.Ct. 1020, 1026 (2008)

(holding that § 502(a)(2) authorized a suit that would require restoration of assets to the plaintiff

participant's individual 401(k) account within a covered ERISA plan for losses resulting from the

employer's breach of fiduciary duty in failing to carry out the plaintiff's directions with regard to

changes in his account investment portfolio).  Here, the plaintiff has indeed alleged a breach of

fiduciary duty.  However, the fact remains that the purported breach was manifested simply in

LINA's refusal to pay a benefits claim to the plaintiff's wife ostensibly due under the terms of the

plan.  Similarly, the plaintiff has not brought suit on behalf of the plan, and his complaint plainly

seeks payment of benefits (and perhaps otherwise unspecified relief) to be awarded directly to

him, not to the plan.  As such, the plaintiff is not seeking redress for a breach of fiduciary duty

recognized under § 409, and he has thus failed to state a claim seeking "appropriate relief" under

§ 502(a)(2).  *See Cook v. Campbell*, 2008 WL 2039501, *4, 33 Empl. Benefits Cas. 2351 (M.D.

Ala. May 12, 2008) (explaining that, even after *LaRue*, *supra*, the plaintiffs failed to state a claim

under § 502(a)(3) where the sole relief actually sought by plaintiffs on their claim for breach of

fiduciary duty was benefits due them personally under a covered plan); *Estate of Spinner v.

Anthem Health Plans of VA*, 589 F. Supp. 2d 738, 745 (W.D. Va. 2008).

     **B.**     **ERISA § 502(a)(3)**

     The parties also dispute whether the plaintiff has stated a claim under ERISA § 502(a)(3),

which authorizes a suit

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which
> violates any provision of this subchapter or the terms of the plan, or (B) to obtain
> other appropriate equitable relief (i) to redress such violations or (ii) to enforce
> any provisions of this subchapter or the terms of the plan.

29 U.S.C.A. § 1132(a)(3).  In *Varity*, *supra*, the Supreme Court explained that § 502(a)(3) is a '

"'catchall' provisio[n that] act[s] as a safety net, offering appropriate equitable relief for injuries

caused by violations that § 502 does not elsewhere adequately remedy."  516 U.S. at 512.

Section 502(a)(3) may authorize individual beneficiaries to obtain equitable relief to remedy a

breach of fiduciary duty under § 404(a), but the Supreme Court has expressly cautioned that such

relief would not be "appropriate" under § 502(a)(3) if another provision of ERISA, such as

§ 502(a)(1)(B), offers an adequate remedy.  *See Varity*, 516 U.S. at 515.

In the wake of *Varity*, the Eleventh Circuit has recognized that a plaintiff is precluded

from seeking individual equitable relief under § 502(a)(3) for a breach of fiduciary duty or other

alleged wrong where there is an adequate benefits remedy under § 502(a)(1) for the ERISA

violation alleged.  *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th

Cir. 1999) (affirming dismissal of § 502(a)(3) claim premised upon denial of additional payment

of life insurance benefits allegedly due under plan where § 502(a)(1) afforded adequate remedy);

*Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir. 2003) ("[A]n

ERISA plaintiff who has an adequate remedy under Section 502 (a)(1)(B) cannot alternatively

plead and proceed under Section 502(a)(3)"; holding that equitable relief under § 501(a)(3) was

unavailable where § 501(a)(1)(B) would have provided an adequate benefits remedy for the

defendant's allegedly improper failure to pay medical insurance benefits, notwithstanding that

the plaintiffs' claim for benefits under § 501(a)(1)(B) was barred by res judicata).  Several judges

of this court have ruled likewise.  *See Short v. American Cast Iron Pipe Co.*, 961 F. Supp. 261,

265-66 (N.D. Ala. 1997) (Lynne, J.); *Larkin v. Life Ins. Co. of N. Amer.*, 2004 WL 3583102, *8

(N.D. Ala. March 29, 2004) (Blackburn, J.); *Hackney v. Liberty Nat'l Life Ins. Co.*, 2:06-cv-

7

0021, doc. 22 (N.D. Ala. April 21, 2006) (Bowdre, J.), attached as Exh. A to doc. 9, Dfts. Mot. to

Dismiss; *Morrison v. Life Ins. Co. of N. Amer.*, 7:08-cv-0339, doc. 14 (N.D. Ala. June 17, 2008)

(Coogler, J.), attached as Exh. B to doc. 9, Dfts. Mot. to Dismiss.  The Eleventh Circuit has

further explained the considerations relevant to the analysis thus:

> [T]he relevant concern in *Varity*, in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions.  As the Court explained, the purpose of Section 502(a)(3) was to "act as a safety net, offering appropriate equitable relief for injuries caused by violations [of ERISA] *that § 502 does not elsewhere adequately remedy*."  [*Varity*, 516 U.S. at 512] (emphasis added).  The relief that the plaintiffs sought in their complaint was not relevant to this inquiry.

> * * *

> "[T]he central focus of the *Varity* inquiry involves whether Congress has provided an adequate remedy . . . *elsewhere in the ERISA statutory framework*." [*Ogden*, 348 F.3d] at 1288 (internal quotations omitted) (emphasis added); *see also Varity*, 516 U.S. at 515 (stating inquiry as whether "*Congress* elsewhere provided adequate relief for a beneficiary's injury") (emphasis added).  Thus, for purposes of establishing whether the Appellants had stated a claim under Section 502(a)(3), the district court should have considered whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the Appellants' allegations supporting their other claims.

*Jones v. American General Life and Acc. Ins. Co.*, 370 F.3d 1065, 1073-74 (11th Cir. 2004).

The plaintiff contends that he should be permitted to pursue his claim in Count II under

§ 502(a)(3) because that count seeks, he says, "substantially different" relief than that sought in

Count I.  (Pl. Resp. at ¶ 4).  As a threshold matter, an examination of the complaint fails to

disclose how this might be so; the ad damnum clause in each of those respective counts contains

identical language.  (*See* Compl. at ¶¶ 19, 24).  The plaintiff also says that "other equitable

relief," such as a "receivership," may be necessary to provide adequate . . . relief to the estate

. . . ." (Pl. Resp. at ¶ 5). It is not clear to the court exactly what the plaintiff means by his oblique reference to "receivership." The defendants seem to take it to mean that the plaintiff is talking about the appointment of a receiver related to *a monetary recovery later obtained in this action*, to protect the estate's interest therein. (*See* Defendants' Reply in Support of their Motion to Dismiss Count II of Plaintiff's Complaint ("Dfts. Reply") (doc. 15)). Insofar as that accurately states the plaintiff's position, the court agrees with the defendants that such clearly would not be "appropriate" equitable relief under ERISA § 502(a)(3) because it does not involve relief against LINA and would simply be an issue to be resolved in the future between the plaintiff and his wife's estate.

It also seems possible, however, that the plaintiff is instead referring to appointment of a receiver *for the plan* to ensure that it is managed appropriately and consistent with fiduciary obligations. The granting of such relief is not unheard of under ERISA. *See, e.g.*, *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984) (removing trustee in favor of a court appointed asset and fund managers); *Marshall v. Snyder*, 572 F.2d 894, 901 (2d Cir. 1978) ("The district court plainly had the power to appoint a receiver."). However, the plaintiff cannot pursue claims for declaratory or injunctive relief that the decedent might have had, for such prospective claims became moot upon the decedent's death. *See Harrow v. Prudential Ins. Co. of Amer.*, 279 F.3d 244, 249 (3d Cir. 2002) (the plaintiff's claim for declaratory relief is moot because the decedent cannot benefit from a declaration of Prudential's obligations under the plan). Further, the plaintiff has not sought the imposition of any type of receivership in the complaint, and he admits that he is even still not seeking such relief "at this time." (Pl. Resp. at ¶ 5). Finally, even assuming that a receivership is a potential ERISA remedy in a case brought against a plan

administrator on behalf of a beneficiary, "the appointment of a receiver is a harsh remedy, not to be imposed without a showing of necessity," *Donovan v. Bierwirth*, 680 F.2d 263, 276 (2d Cir. 1982), where the existing fiduciary has engaged in "repeated or substantial violation of his responsibilities," *Katsaros*, 744 F.2d at 281 (citing *Marshall v. Snyder*, 572 F.2d 894, 901 (2d Cir. 1978)). The plaintiff here has not pled any facts or allegations that would even hint at the appropriateness of relief in appointing a receiver relative to the plan. Rather, the only substantive wrong and injury alleged in this case relate to a denial of a single, discrete claim for disability insurance benefits by the plaintiff's wife.

Ultimately, the focus of the *Varity* inquiry is not upon whether a plaintiff has demanded a different form of relief in connection with a § 502(a)(3) claim but rather upon whether § 501(a)(1)(B) or other specific remedy provisions of ERISA address the type of wrongdoing alleged in the putative claim. *See Jones*, 370 F.3d at 1073-74. On that score, the plaintiff's allegations of wrongdoing supporting the Count II claim for breach of fiduciary duty are functionally equivalent to the allegations underlying his Count I claim for benefits. That is, both counts are founded upon the assertion that his wife's claim for disability insurance benefits under the plan was wrongfully denied. It is true that "a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents." *Varity*, 516 U.S. at 511; *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 218-19 (2004). But as *Varity* explains, the fact that a benefits denial can be characterized as a breach of fiduciary does not necessarily implicate the availability of additional equitable relief under § 502(a)(3); the statute only authorizes "appropriate" equitable relief, and "where Congress provided adequate relief for a beneficiary's injury, there will likely be no need

10

for further equitable relief, in which case such relief normally would not be 'appropriate.'" 516 U.S. at 515.  Congress has afforded a specific remedy in § 502(a)(1)(B) for a wrongful denial of insurance benefits under an ERISA plan, which is what the plaintiff has alleged here.  Therefore, the plaintiff is not entitled to pursue a claim for additional, equitable relief for a breach of fiduciary duty under § 503(a)(3).  *See Katz*; *Ogden*, *supra*.

## IV.    CONCLUSION

Based on the foregoing the court concludes that the defendants' pending motions to dismiss (docs. 8 & 9) are each due to be **GRANTED**.  The court further concludes that (1) CIGNA Group Insurance is due to be **DISMISSED** as a party defendant; (2) that the plaintiff's claims for breach of fiduciary duty under ERISA (Count II), for breach of contract under Alabama law (Count III), and for the tort of bad faith under Alabama law (Count IV), including all claims or demands for extra-contractual damages, are each due to be **DISMISSED WITH PREJUDICE**; and (3) that the plaintiff's demand for a jury trial is due to be **STRICKEN**.

**DONE**, this 23rd day of February, 2009.

*John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge

11